133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael G. HAYES, Plaintiff-Appellant,
v.
S.L. HUBBARD, Associate Warden at CMF; E.A. Mitchell, Unit
III program administrator at CMF; K.C. Mendonsa,
Supervising Correctional Counselor Unit III at CMF; M.
Fueda; S.M. Kernan; G. Larson, Defendants-Appellees.
 No. 96-16942.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael G. Hayes, a California state prisoner, appeals the district court's summary judgment for defendant correctional officers Kernan and Larson[1] in his 42 U.S.C. § 1983 action for damages alleging violations of the Fifth, Eighth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment, See Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994), and we affirm.
 
 
 3
 Hayes contends that his due process rights were violated by procedural irregularities in disciplinary proceedings for committing battery on a correctional officer. He also contends that his personal property was withheld without due process of law and that defendants treated him with deliberate indifference. These contentions lack merit.
 
 
 4
 Hayes received all the process he was due. See Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974); see also Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1993) (due process clause does not require prison to comply with its own regulations as long as Wolff standards have been met).
 
 
 5
 Further, Hayes' contention that defendant Larson deprived him of the contents of a package without due process was properly dismissed because California law provides an adequate post-deprivation remedy. See Barnett, 31 F.3d at 816; see also Cal. Gov't Code §§ 810-895.
 
 
 6
 Finally, because Hayes provided no evidence of conditions of confinement rising to the level of a constitutional violation, his Eighth Amendment claim was properly dismissed. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir.1986) (stating that, for Eighth Amendment violation, conditions of confinement must deprive prisoner of basic human need).
 
 
 7
 We have considered Brandon's other claims and they are without merit.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Defendants Hubbard, Mendonsa, Rueda and Mitchell were dismissed pursuant to their Fed.R.Civ.P. 12(b)(6) motions. Hayes does not appeal their dismissal
 
 
 [2]
 Because of our disposition of this appeal we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) to this appeal